IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY COCHRAN,** | ) | **CASE NO. 4:19CV304** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE JEFFREY HELMICK** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **MARK WILLIAMS,** | ) | **JONATHAN D. GREENBERG** |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | **and ORDER** |
| Respondent. | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Larry Cochran ("Cochran" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Also pending are Respondent Mark Williams' Motion to Dismiss the Petition (Doc. No. 13) and the following motions filed by Petitioner: (1) Motion for Release on Bond (Doc. No. 11.); (2) Motion requesting Emergency Bond Hearing (Doc. No. 15); (3) Motion to Strike Motion to Dismiss (Doc. No. 19); (4) Motion Requesting Court to Take Judicial Notice of Undisputable Adjudicative Facts (Doc. No. 22); and (5) Motion for Judgment on the Pleadings (Doc. No. 23).

For the following reasons, the undersigned recommends that Petitioner's Motion to Strike (Doc. No. 19) be DENIED; Respondent's Motion to Dismiss (Doc. No. 13) be GRANTED; and Petitioner's Motion for Judgment on the Pleadings (Doc. No. 23) be DENIED. In addition, Petitioner's Motions for Bond (Doc. No. 11) and Bond Hearing (Doc. No. 15), and Motion Requesting Court to Take Judicial Notice (Doc. No. 22) are DENIED.

**I. Background**

**A.      Proceedings in the U.S. District Court, Northern District of Indiana**

On July 20, 2006, a federal Grand Jury indicted Cochran on one count of knowingly and intentionally possessing with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Cochran*, Case No. 2:06cr114 (N.D. Ind.) (Doc. No. 1.)  Cochran pled not guilty.

On November 15, 2007, Cochran was found guilty.  (*Id*. at Doc. No. 266.)  According to documents filed in Cochran's underlying criminal case, Cochran was determined to be responsible for 3, 873 kilograms of marijuana equivalent (20.55 grams of cocaine base).  (*Id*. at Doc. No. 569.)  Based on the amount of drugs, applicable enhancements, and Cochran's criminal history, the original sentencing guideline was 324 to 405 months.  (*Id*.)  On January 25, 2008, the U.S. District Court for the Northern District of Indiana (hereinafter "the sentencing court") sentenced Cochran to 405 months imprisonment, and five years of supervised release.  (*Id*. at Doc. Nos. 280, 569.)

Subsequently, on January 13, 2015, Cochran's sentence was reduced to 327 months, pursuant to Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2015.  (*Id.* at Doc. Nos. 451, 456.)

In December 2018, Cochran filed several *pro se* Motions for Resentencing pursuant to the First Step Act of 2018.  (*Id.* at Doc. Nos. 549, 550.)  In addition, in February 2019, he filed a *pro se* Motion for Compassionate Release/Reduction in Sentence, citing his many health problems.  (*Id.* at Doc. No. 554.)  On March 4, 2019, the sentencing court appointed the Federal Defender's Office to represent Cochran "with respect to any pursuit of a sentence modification."

(*Id*. at Doc. No. 557.)

On April 29, 2019, Cochran, through counsel, filed a Motion to Reduce Sentence pursuant to the First Step Act of 2018.[1] (*Id*. at Doc. No. 569.) On May 31, 2019, the sentencing court issued an "Amended Judgment Reducing Sentence Pursuant to Section 404 of the First Step Act." (*Id*. at Doc. No. 578.) In that Order, the court reduced Cochran's previously imposed sentence to a 240 month term of imprisonment.[2] (*Id*.)

**B.     Proceedings in this Court**

Meanwhile, on February 8, 2019, Cochran filed a *pro se* Petition in this Court pursuant to 28 U.S.C. § 2241, claiming he was entitled to immediate release pursuant to the First Step Act of 2018. (Doc. No. 1.) The undersigned subsequently ordered expedited briefing, and appointed the Office of the Federal Public Defender to represent Cochran. *See* Doc. No. 10; Non-Document Order dated April 30, 2019.

---

[1] On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant, impose a reduced sentence as if sections Two and Three of the Fair Sentencing Act of 2010 ("FSA") were in effect at the time the covered offense was committed. In his motion, Cochran argued his drug offenses were "covered offenses" because Section 2 of the FSA modified the statutory penalties under § 841(b) for violations of 21 U.S.C. §§ 841(a) and 846, and he committed those offenses prior to August 3, 2010. (*Id.* at Doc. No. 569.) He maintained "[u]nder the 2010 FSA, Mr. Cochran would not be subject to a mandatory 5 year sentence. Instead, his new statutory sentence range would be zero (0) years and a maximum of twenty (20) years imprisonment. . . Mr. Cochran's current sentencing guideline range and sentence exceeds the statutory maximum sentence of two hundred forty (240) months of imprisonment." (*Id*.)

[2] On that same date, the sentencing court granted Cochran's appointed counsel's motion to withdraw. (*Id*. at Doc. No. 579.) Cochran thereafter filed a *pro se* Supplement to his Motion for Release/Reduction of Custody, and a Notice of Intent to File a Petition for Writ of Mandamus for Motion for Compassionate Release/Reduction in Sentence, in the Seventh Circuit Court of Appeals. (*Id*. at Doc. Nos. 580, 581.)

Prior to appointment of counsel, Cochran filed a *pro se* Motion for Release on Bond.³ (Doc. No. 11.) After the appointment of counsel, Cochran continued to file a number of *pro se* documents, including a including a Motion Requesting Emergency Bond Hearing (Doc. No. 15) and a "Letter to the Court" (Doc. No. 16). On May 21, 2019, the Court issued an Order advising that it would not consider any *pro se* filings submitted after appointment of counsel. (Doc. No. 17.) Nonetheless, on May 23, 2019, Mr. Cochran filed two more *pro se* documents. (Doc. Nos. 18, 19.) The Court issued another Order, on May 28, 2019, again stating it would not consider Cochran's *pro se* filings and advising appointed counsel to communicate with Cochran. (Doc. No. 20.)

On May 30, 2019, Cochran filed three more *pro se* documents, i.e., a "Notice of Entry of Appearance" (Doc. No. 21), "Motion Requesting Court to Take Judicial Notice of Undisputable Adjudicative Facts" (Doc. No. 22), and a Motion for Judgment on the Pleadings (Doc. No. 23.) In his "Notice of Entry of Appearance," Cochran stated that he "only accepts the Court's appointment of his (so-called) counsel in the capacity of the Constitution's Sixth Amendment Guarantee to the Assistance of Counsel and the Petitioner objects to, refuses to accept, and rejects the Appointment of any 'attorney to represent him' in this case, proceeding, matter." (Doc. No. 21 at 2.)

A telephonic status conference with counsel was conducted on May 31, 2019. (Doc. No. 24.) During the conference, appointed counsel indicated that Cochran stated he wished to continue to file his own legal documents in the above-captioned matter. (*Id.*) Appointed counsel

---

³ In addition, in March 2019, Cochran filed a Petition for Writ of Mandamus in the Sixth Circuit Court of Appeals. On May 3, 2019, Cochran's Petition was denied as moot. (Doc. No. 12.)

4

then orally moved to withdraw as counsel. (*Id*.) The government indicated it did not object to counsel's motion. (*Id*.) On June 3, 2019, the Court issued an Order granting appointed counsel's oral motion to withdraw. (*Id.*) The Court also indicated that, in light of the withdrawal of counsel, it would consider Cochran's *pro se* filings in this matter, including his Motion for Release on Bond (Doc. No. 11), Motion requesting an Emergency Bond Hearing (Doc. No. 15), Motion Requesting Court to Take Judicial Notice of Undisputable Adjudicative Facts (Doc. No. 22), and Motion for Judgment on the Pleadings (Doc. No. 23.)

Meanwhile, pursuant to the Court's Initial Order, Respondents' response to Cochran's Petition was due May 13, 2019. (Doc. No. 10.) Respondent filed a Motion to Dismiss two days later, on May 15, 2019. (Doc. No. 13.) Cochran thereafter filed a Motion to Strike Respondent's Motion to Dismiss as untimely and frivolous (Doc. No. 19), and a Traverse (Doc. No. 18.) On June 14, 2019, Respondent filed a Response to Cochran's various motions. (Doc. No. 25.)

## II. Law and Analysis

**A.      Motion to Strike (Doc. No. 19)**

In his Motion to Strike, Cochran argues Respondent's Motion to Dismiss should be stricken as untimely and frivolous. (Doc. No. 19.) Cochran maintains that, pursuant to this Court's Initial Order, Respondent's Motion was due May 13, 2019. (*Id*.) Because Respondent did not file his Motion until May 15, 2019, Cochran argues it is untimely and should not be considered by this Court. (*Id*.) He further claims Respondent's Motion is "frivolous and irrelevant to these proceedings" because it raises legal arguments that have no merit. (*Id*.)

Respondent acknowledges the Motion was late, but argues his untimeliness is due to a

5

calendaring error and should be excused. (Doc. No. 25 at 4.)

It is recommended that Cochran's Motion to Strike (Doc. No. 19) be denied. A district court exercises broad discretion in determining which sanctions, if any, to impose for failure to comply with a scheduling order. *See Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 753 (6th Cir.2003); *Roe v. Nano Gas Technologies, Inc.*, 2015 WL 1952283 at * 8 (E.D. Mich. Apr. 29, 2015). In fact, "the district court has discretion to impose whatever sanctions it feels appropriate, under the circumstances." *Estes*, 59 Fed. Appx. At 753. Here, although Respondent's Motion was filed two days late, there is no suggestion that Respondent purposefully disregarded this Court's briefing deadline or that Cochran has suffered any prejudice as a result of the delay. Courts have declined to strike untimely filings under similar circumstances. *See e.g. Roe*, 2015 WL 1952283 at * 8; *Vajk v. City of Iron River, Mich.*, 2011 WL 101740 at * 5 (W.D. Mich. Jan. 12, 2011).

Accordingly, it is recommended that Cochran's Motion to Strike (Doc. No. 19) be DENIED.

**B.      Motions to Dismiss (Doc. No. 13) and for Judgment on the Pleadings (Doc. No. 23)**

In his Motion to Dismiss, Respondent argues this Court is without jurisdiction to consider Cochran's § 2241 Petition. (Doc. No. 13.) He asserts that, because Cochran is seeking a reduction of sentence under 18 U.S.C. § 3852(c), his "claim is not properly before this Court as jurisdiction to reduce Cochran's sentence rests with the sentencing Court, which, in Cochran's case, [is] the Northern District of Indiana." (*Id*. at 3.)

Cochran maintains that he is not, in fact, seeking a sentence reduction under the First Step Act. (Doc. No. 18 at 2.) Rather, he asserts that he "seeks §2241 Relief due to the fact that

6

Petitioner's Current Sentence, due to a Change In The Law, Exceeds the Statutory Maximum Allowed by Law or his Offense Of Conviction." (*Id.*) Cochran maintains that the § 2255 motion he filed in the sentencing court "has absolutely nothing to do with this Proceeding." (*Id.*) He argues §2255 is an inadequate or ineffective means to challenge the legality of his detention because he "has successfully met the savings clause announced in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016)." (*Id.*)

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to 28 U.S.C. § 2255, whereas a petition concerning the manner or execution of a sentence is appropriate under § 2241. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). *See also Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-756 (6th Cir. 1999). Unlike § 2241, § 2255 proscribes the filing of "second or successive motion" for relief unless a petition (1) contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). *See also Hill*, 836 F.3d at 594.

However, "where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception [for second or successive petitions], the petitioner may look to the 'savings clause' of § 2255(e) for recourse." *Hill*, 836 F.3d at 594. Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

>appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, through the above savings clause, a petitioner may seek habeas relief under § 2241 if he can show that § 2255 provides an "inadequate or ineffective" means of challenging the legality of his detention. *See Hill*, 836 F.3d at 594; *Wooten,* 677 F.3d at 307; *Peterman*, 249 F.3d at 461-462.

The Sixth Circuit has made clear that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citing cases). *See also Hill*, 836 F.3d at 594; *Wooten*, 677 F.3d at 307. Indeed, the Sixth Circuit has noted "the circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. *See also Hill*, 836 F.3d at 594. The petitioner bears the burden to establish that the savings clause applies to his petition. *See Hill*, 836 F.3d at 594.

The Sixth Circuit has long held that, on a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is "actually innocent." *See Wooten*, 677 F.3d at 307; *Peterman,* 249 F.3d at 461-462; *Charles,* 180 F.3d at 757. Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law;" (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions;" (3) that is retroactive; and (4)

8

applies to the petitioner's merits such that it is "more likely than not that no reasonable jurist would have convicted" the petitioner. *Wooten*, 677 F.3d at 308. *See also Hill*, 836 F.3d at 594-595.

Until recently, the Sixth Circuit had held that "claims involving 'actual innocence of a *sentencing enhancement* cannot be raised under § 2241." *See e.g., Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012) (emphasis added). *See also Dowell v. Quintana*, 2017 U.S. App. Lexis 23409 at * 3 (6th Cir. Nov. 17, 2017). However, in *Hill, supra*, the Sixth Circuit found a petitioner may use § 2241 to challenge a sentencing enhancement if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595, 599. The Court cautioned, however, that this exception applies to a "narrow subset" of petitions, explaining as follows:

> In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre- *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

Here, Cochran argues the instant Petition is properly brought under § 2241 because § 2255 provides an "inadequate or ineffective" means of challenging the legality of his detention. (Doc. No. 18.) This argument is without merit. Cochran has failed to show §2255 is an inadequate or ineffective means to seek reduction of his sentence pursuant to the First Step Act of 2018. As

9

discussed above, Cochran (through appointed counsel) filed a § 2255 Motion to Reduce Sentence in his underlying criminal case in the United States District Court for the Northern District of Indiana. *See United States v. Cochran,* Case No. 2:06cr114 (N.D. Ind.) (Doc. No. 569.) On May 31, 2019, that court granted that motion and issued an "Amended Judgment Reducing Sentence Pursuant to Section 404 of the First Step Act" which reduced Cochran's sentence from 327 months to 240 months. (*Id*. at Doc. No. 578.)

In light of the fact the sentencing court granted Cochran's § 2255 Motion and significantly reduced the length of his sentence, it is recommended the Court find Cochran has failed to demonstrate that § 2255 is an inadequate or ineffective means of challenging the legality of his detention.[4] *See Richmond v. Burnhart*, 2019 WL 2127304 at * 2 (E.D. Ky. May 5, 2019).

The Court also notes that, in many of his *pro se* filings, Cochran requests that the Court grant him a compassionate release. *See, e.g.*, Doc. No. 11 at 3. He asserts that he is "BLIND, Wheelchair Bound, Physically Handicapped, and in Constant Pain All Day and Night." (*Id*.) Cochran asserts he has been "approved for compassionate release/reduction in sentence to time served for his debilitating medical conditions by FCI Elkton-Low's Medical Director, Medical Staff, Unit Team, and Warden." (*Id*.) *See also* Doc. No. 15-1.

It is recommended the Court reject Cochran's request for compassionate release. First, the Court notes Cochran filed an identical motion for compassionate release in the sentencing court, where it remains pending as of the date of this Order.[5] *See United States v. Cochran*, Case No.

---

[4] Moreover, Cochran has failed to demonstrate that his Petition falls within the "narrow subset" of Petitions identified in *Hill, supra*.

[5] Cochran recently filed a Notice of Intent to File a Petition for Writ of Mandamus for Motion for Compassionate Release/Reduction of Sentence, in the United States Court of

10

2:06cr114 (N.D. Ind.) (Doc. No. 554.) Second, assuming § 2241 is the appropriate vehicle for Cochran's request, the Sixth Circuit has determined that "district court[s] lack[] jurisdiction to *sua sponte* grant compassionate release," finding "a district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons." *Engle v. U.S.*, 26 Fed Appx 394, 397 (6th Cir. 2001). As the Sixth Circuit has explained:

> The BOP has the authority to seek a modification of a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides that a federal court "may not modify a term of imprisonment once it has been imposed except that ... in any case ... the court, upon motion of the Director of the [BOP], may reduce the term of imprisonment ... if it finds that ... extraordinary and compelling reasons warrant such a reduction." *Id.* (emphasis added). The statute places no limits on the BOP's authority to seek or not seek a sentence reduction on behalf of a prisoner, nor does it define—or place any limits on—what "extraordinary and compelling reasons" might warrant such a reduction. The BOP, in other words, has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(I). [footnote omitted].
>
> Based on this broad grant of discretion, a number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir.1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir.1990) (same); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir.1987) (same); *Crawford v. Woodring*, No. CV 08–362–GW, 2009 WL 6575082, at *6 (C.D. Cal. Dec. 11, 2009) (dismissing as unreviewable prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); *Gutierrez v. Anderson*, No. 06–1714, 2006 WL 3086892, at *4 (D. Minn. Oct. 30, 2006) (same); *see also Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir.2001) (holding that the district courts lack "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons"). Consistent with these decisions, we hold that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(I).

---

Appeals for the Seventh Circuit. (*Id.* at Doc. No. 581.)

*Crowe v. U.S.*, 430 Fed. Appx. 484, 485 (6th Cir. 2011). *See also Herron v. Lockhart*, 2018 WL 3118689 at * 2 (W.D. Ky. June 25, 2018); *United States v. Cunningham*, 2015 WL 5173037 at * 8 (N.D. Ohio Sept. 3, 2015) ("In the absence of a motion by the Director of the Bureau of Prisons to reduce defendant's term of imprisonment, the Court lacks jurisdiction under § 3582 to grant the relief petitioner requests.")

The Bureau of Prisons has not filed a Motion in this case to reduce Cochran's sentence on the basis of compassionate release. It is therefore recommended the Court deny Cochran's request for compassionate release on the grounds that it is without jurisdiction to order early release under the circumstances presented.

Accordingly, and for all the reasons set forth above, it is recommended that Respondent's Motion to Dismiss (Doc. No. 13) be GRANTED and Cochran's Motion for Judgment on the Pleadings (Doc. No. 23) be DENIED.

**C.     Motions for Bond, Bond Hearing, and to Take Judicial Notice (Doc. Nos. 11, 15, 22)**

In his Motion for Release on Bond (Doc. No. 11) and Motion Requesting an Emergency Bond Hearing (Doc. No. 15), Cochran requests the Court release him on bond "due to the fact that [he] is currently serving and executing an unlawful/illegal sentence which exceeds the statutory maximum sentence allowed by law for his offense of conviction." (Doc. No. 11 at 1.) He further maintains bond is appropriate in light of his debilitating health conditions. (*Id*. at 3.)

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990)). *See also Aronson v. May,* 85 S.Ct. 3,

5, 13 L.Ed. 2d 6, 9 (1964); *Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir.2006). "There will be few occasions where a habeas petitioner meets this standard." *Dipofi v. Eichenlaub*, 2008 WL 2745143 at * 4 (E.D. Mich. July 14, 2008). *See also Dotson*, 900 F.2d at 79; *Smith v. Bergh*, 2018 WL 1399321 at * 3 (E.D. Mich. March 19, 2018).

Cochran's Motions for Bond and for an Emergency Bond Hearing (Doc. Nos. 11, 15) are denied. For the reasons set forth *infra*, Cochran has not shown a "substantial claim of law based on the facts." Nor has he demonstrated the existence of circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice. Accordingly, Cochran's Motions for Bond and for an Emergency Bond Hearing (Doc. Nos. 11, 15) are DENIED.

Lastly, Cochran's "Motion Requesting Court to Take Judicial Notice of Undisputable Adjudicative Facts" (Doc. No. 22) is DENIED. Cochran's Motion is nothing more than a request that the Court agree with his arguments that he is entitled to immediate release. This Motion is without merit for the reasons discussed at length, above.

## V. Conclusion

Accordingly, and for all the reasons set forth above, the undersigned recommends that Petitioner's Motion to Strike (Doc. No. 19) be DENIED; Respondent's Motion to Dismiss (Doc. No. 13) be GRANTED; and Petitioner's Motion for Judgment on the Pleadings (Doc. No. 23) be DENIED. In addition, Petitioner's Motions for Bond (Doc. No. 11) and Bond Hearing (Doc. No. 15), and Motion Requesting Court to Take Judicial Notice (Doc. No. 22) are DENIED.

Date: June 21, 2019

s/ *Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  **28 U.S.C. § 636(b)(1). Failure to** file objections within the specified time may waive the right to appeal the District Court's order.  *See* **United States v. Walters**, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**