UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Cochran,                                                            Case No. 4:19-cv-304

                Petitioner,

       v.                                                      MEMORANDUM OPINION
                                                                     AND ORDER

Mark Williams,

                Respondent.

## I.     INTRODUCTION AND BACKGROUND

Petitioner Larry Cochran, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing the retroactive changes contained in the First Step Act of 2018 means that the sentence he received in 2008 exceeded the statutory maximum for his offense of conviction and, therefore, his sentence is illegal and must be vacated. (Doc. No. 1 at 7-8). Respondent filed a motion to dismiss, arguing I lack jurisdiction to grant Cochran's petition because his arguments should have been filed with the sentencing court as a motion to reduce his sentence. (Doc. No. 13).

On November 15, 2007, Cochran was found guilty of possessing with intent to distribute five grams or more of crack cocaine, in the United States District Court for the Northern District of Indiana. Cochran was sentenced to 405 months in prison and a term of five years of supervised release. After the adoption of Guidelines Amendment 782 in 2015, Cochran's sentence was reduced to 327 months.

The First Step Act of 2018, signed into law on December 21, 2018, made earlier statutory changes contained in the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010. Among the changes in the Fair Sentencing Act was an increase in the threshold quantity of crack cocaine necessary to trigger certain mandatory minimum sentences and to raise the maximum term of imprisonment to which a defendant could be sentenced.

If the provisions of the Fair Sentencing Act had been in effect at the time Cochran was sentenced, he would have faced a maximum sentence of 240 months. (Doc. No. 26 at 3). He contends his sentence was unlawful because he was incarcerated for a period of approximately five months (from December 21, 2018, until May 30, 2019) during which his sentence exceeded the statutory maximum under the Fair Sentencing Act and the First Step Act. (Doc. No. 27 at 3).

Magistrate Judge Jonathan D. Greenberg reviewed Cochran's petition and several other motions Cochran filed pursuant to Local Rule 72.2(b)(2) and recommends I deny Cochran's motions and dismiss the petition. (Doc. No. 26). Cochran has filed timely objections to Judge Greenberg's Report and Recommendation. (Doc. No. 27). For the reasons stated below, I overrule Cochran's objections, adopt Judge Greenberg's recommendation, and grant Respondent's motion to dismiss.

## II. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S.

140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

As Judge Greenberg notes, challenges to the validity of a sentence typically must be brought pursuant to 28 U.S.C. § 2255, while § 2241 provides an avenue for challenges to the manner in which a sentence is executed. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); (*see* Doc. No. 26 at 7). Regardless of the technical process Cochran should have followed, however, his claims lack merit.

While the First Step Act made the Fair Sentencing Act retroactive, it did not make it mandatory. Instead, the First Step Act "may . . . impose a reduced sentence, . . . [but] [n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act of 2018, § 404(b), (c), Pub. L. No. 115-391, 132 Stat. 5194, 5222. "Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion." *United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019) (citing First Step Act, § 404(c)).

Therefore, Cochran was lawfully incarcerated for a term of 327 months until May 31, 2019, when the District Court for the Northern District of Indiana granted Cochran's motion to reduce his sentence from 327 months to 240 months. The district court's decision to exercise its discretion and reduce Cochran's sentence does not make his prior sentence illegal or unlawful.

Cochran has filed several other motions. The first is his motion to strike Respondent's motion to dismiss as untimely. (Doc. No. 19). Judge Greenberg, after concluding there was no evidence Respondent purposefully failed to file on time or that Cochran suffered any prejudice as a result of the two-day delay in filing, recommended I deny that motion. (Doc. No. 26 at 5-6). Cochran did not object to this recommendation. I adopt it and deny Cochran's motion to strike.

Cochran also filed a motion for judgment on the pleadings, (Doc. No. 23), and a motion for declaratory judgment. (Doc. No. 28). I conclude Cochran fails to establish a basis for these motions and deny them.

## IV. Conclusion

For the reasons stated above, I overrule Cochran's objections, (Doc. No. 27), to Judge Greenberg's Report and Recommendation. (Doc. No. 26). I grant Respondent's motion to dismiss Cochran's petition for a writ of habeas corpus, (Doc. No. 13), and deny Cochran's motion to strike, (Doc. No. 19), his motion for judgment on the pleadings, (Doc. No. 23), and his motion for declaratory judgment. (Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge